UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEHRA WAHEED,

Plaintiff,

- against -

MOLLY WASOW PARK, ET AL.,

Defendants.

25-CV-7751 (ALC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff pro se has alleged a multitude of claims against varied defendants, including claims against two New York City agencies and the heads of those agencies (the "NYC Defendants") for denial of benefits; two law firms and lawyers from those firms (the "Law Firm Defendants") for malpractice; and the Commissioner of Social Security for the United States ("the Commissioner") for partial denial of benefits. The Court dismissed the Commissioner early in the case as Plaintiff did not have a ripe claim. (See Dkt. 55.) The currently operative complaint is the Third Amended Complaint. (See Dkt. 81.) The NYC Defendants have moved to dismiss (Dkt. 127), and the Law Firm Defendants will be moving to dismiss (*See* Dkts. 160-161).

On April 3, 2026, Plaintiff moved to reinstate the Commissioner as a Defendant. (Dkt. 118.) On April 23, 2026, I issued a Report and Recommendation ("R&R") to deny the motion for failure to exhaust remedies. (Dkt. 131.) Also on April 23, 2026, Plaintiff, without leave, filed an amended complaint directed solely to a claim against the Commissioner and alleging facts to demonstrate exhaustion of remedies. (Dkts. 139-140.) On May 5, 2026, the Commissioner filed a letter seeking clarification of the status of the purported amended complaint, the time for the

Commissioner to respond in the event the Court accepts the amended complaint, and suggesting severance if the Court accepts the amended complaint. (Dkt. 145.) On June 30, 2026, Plaintiff filed duplicative requests for expedited consideration of her claims regarding the Social Security Administration. (Dkt. 177-178.)

On July 2, 2026, Judge Carter adopted the R&R. (Dkt. 179.) Accordingly, the Court is now in position to rule with respect to the purported amended complaint, the Commissioner's request for clarification, and Plaintiff's request for expedited consideration. The Court rules as follows:

1. The Court accepts Dkts. 139-140 together as a newly amended complaint against the Commissioner.

2. Plaintiff's claim against the Commissioner should be severed from the other claims in the instant case. In deciding whether to sever a claim under Federal Rule of Civil Procedure 21, "courts consider: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *North Jersey Media Group Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (internal quotation marks omitted). Even though not all factors need weigh in favor of severance to warrant severance, they all do so in this instance. Plaintiff's claim against the Commissioner does not arise out of the same transaction or occurrence as Plaintiff's allegations against the NYC Defendants and the Law Firm Defendants; nor do they present common issues of law or fact. The claims also implicate entirely different

witnesses and documentary proof. Social Security actions challenging benefits decisions, like Plaintiff's amended complaint against the Commissioner, proceed on a different track than other types of cases with respect to both timing and procedure. As a result, judicial efficiency is best served by severance. For the same reason, severance will avoid prejudice to the parties that could result from keeping the claims together.

3. **The Clerk of Court is respectfully directed** to sever Plaintiff's Amended Complaint at Dkts. 139 and 140 from the instant case and open a new case with a new case number. **The Clerk of Court is further directed** to docket in the new case a new Notice of Electronic Filing of a social security action (which will start the Commissioner's time to respond) pursuant to the Standing Order governing social security cases in this District. The District Judge and Magistrate Judge assignments for the severed case shall remain the same as in the instant case.

4. In light of the foregoing, Plaintiff's requests at Dkts. 177 and 178 are denied as moot, and **the Clerk of Court is respectfully directed** to terminate the motions at Dkts. 177 and 178.

SO ORDERED.

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 7, 2026
New York, New York

Copies transmitted this date to all counsel of record.